[676 NYS2d 620]

In the Matter of LEONARD JOSEPH ANGELO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 3, 1998

#### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

#### OPINION OF THE COURT

Per Curiam.

The respondent was convicted in the Supreme Court, New York County (White, J.), of attempted offering of a false instrument for filing in the second degree, a class B misdemeanor,

upon his plea of guilty. He was sentenced on September 29, 1997 to a conditional discharge provided that he voluntarily cease practicing law for one year. By decision and order on motion of this Court dated March 5, 1998, the respondent was suspended from the practice of law, pursuant to Judiciary Law § 90 (4) (f), until further order of this Court, based upon his conviction of a serious crime. The Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable William Zeck, as Special Referee, to hear and report.

The Grievance Committee now moves to adjudicate the respondent in default based upon his failure to submit an answer to the petition. The petition, dated April 1, 1998, contains two charges of professional misconduct against the respondent, predicated upon his conviction of a serious crime and his failure to file the record of his conviction with this Court within 30 days. Although the respondent was served with a copy of this Court's March 5, 1998 decision and order on motion and the petition on April 3, 1998, he failed to submit an answer. The respondent also failed to reply to the Grievance Committee's motion to adjudicate him in default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer in this proceeding, the charges must be deemed established. The petitioner's motion to impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FLORIO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Leonard Joseph Angelo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Leonard Joseph Angelo is commanded to continue

to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.